IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSE LUIS CEBA CINTA,          )
         )
    Petitioner,         )
         )
    v.         )    1:25-cv-1818 (LMB/WEF)
         )
KRISTI NOEM et al.,         )
         )
    Respondents.         )

ORDER

Petitioner Jose Luis Ceba Cinta ("Cinta"), a native and citizen of Mexico, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since October 18, 2025. Specifically, Cinta seeks a declaration from this Court that his detention is governed by the discretionary detention provision contained in 8 U.S.C. § 1226(a), not the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2) (Count I). He also alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count II) and his due process rights (Count III).

Cinta is currently detained at ICE's Washington Field Office in Chantilly, Virginia, which is within this Court's jurisdiction. He has sued Kristi Noem, the DHS Secretary; Todd Lyons, the Acting Director of ICE; Russell Holt, the Director of ICE's Washington Field Office; and Pamela Bondi, the Attorney General ("respondents"). For the reasons discussed in this Order, the Court finds that Cinta is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his

Petition will be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Cinta "entered the United States without inspection between ports of entry, across the U.S.-Mexico border, nearly 27 years ago." [Dkt. No. 1] at ¶ 31. Since he arrived in the United States, he has built a life in Virginia and is the father of four U.S. citizen children, who are 11, 9, 7, and 2 years old. Id. ¶ 32. Cinta "has no criminal history in the United States or any other country." Id.

Cinta was arrested by ICE agents on or about October 17, 2025,[2] and is currently detained at the ICE Washington Field Office in Chantilly, Virginia. Id. ¶ 34. Cinta was issued a Notice to Appear on October 18, 2025, which charged him with being inadmissible to the United States, and thus subject to removal, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). [Dkt. No. 9-1] at ¶ 7. The record before this Court reflects that Cinta has not requested or been scheduled for a bond hearing before an Immigration Judge. Cinta is in active removal proceedings, and his first hearing is scheduled for November 25, 2025. [Dkt. No. 1] at ¶ 35. There is no final order of removal against him. Id.

Cinta filed his Petition for Writ of Habeas Corpus on October 20, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Cinta not "be removed or transferred

---

[1] Because the Court is granting relief on due process grounds, it need not address Cinta's claim for relief under the INA.

[2] The Petition states that Cinta was "arrested by ICE agents conducting random street operations," [Dkt. No. 1] at ¶ 33, but Supervisor Detention and Deportation Officer James A. Mullan states in his Declaration that Enforcement and Removal Operations officers encountered Cinta "during a traffic stop," [Dkt. No. 9-1] at ¶ 6.

from this district for any reason without this Court's permission." [Dkt. No. 3]. On October 28, 2025, Cinta filed a Proposed Release Plan, which shows a fixed home address in Alexandria, Virginia, where he will reside if released. [Dkt. Nos. 6 & 7]. Respondents have filed an opposition. [Dkt. No. 9]. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

The central question posed in Cinta's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). Respondents contend that Cinta's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 9] at 7. According to respondents, § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Cinta entered the United States without inspection or parole, he is considered to be an applicant for admission under § 1225(a) and subject to mandatory detention under § 1225(b)(2). Id. at 8.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to

---

[3] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released under bond of $1,500); Perez Bibiano v. Lyons et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Membreno Melendez v. U.S. Immigr. & Customs Enf't et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D.

1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

4

Va. Oct. 28, 2025) (released on his own recognizance); see also Chaudhari v. Crawford et al., 1:25-cv-1772-LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Cinta has been present in the United States for 27 years and appears to have no criminal record. Because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Cinta's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Cinta's continued detention is unlawful.

### III.

For all the reasons stated above, Cinta's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Cinta promptly be released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Cinta must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Cinta with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Cinta on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Cinta is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[4]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Cinta has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Cinta's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for October 31, 2025, and close this civil action.

Entered this 29 day of October, 2025.

Alexandria, Virginia

_____ /s/ _____

Leonie M. Brinkema
United States District Judge

---

[4] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.